UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YU *et al*,

                          Plaintiffs,

        -against-

KOTOBUKI RESTAURANT, INC. *et al*,

                          Defendants.

------------------------------------------------------------X

YU *et al*,

                          Plaintiffs,

        -against-

KIM,

                          Defendant.

------------------------------------------------------------X

YU *et al*,

                          Plaintiffs,

        -against-

BEY UNITED, LLC *et al*,

                          Defendants.

------------------------------------------------------------X

**MEMORANDUM ORDER**
17-CV-04202 (JMA) (JMW)

18-CV-07001 (JMA) (AYS)

21-CV-02103 (JMA) (JMW)

**A P P E A R A N C E S:**

Aaron Schweitzer, Esq.
John Troy, Esq.
**Troy Law, PLLC**
41-25 Kissena Boulevard
Flushing, NY 11355
*Attorneys for Plaintiffs*

1

Salvatore Puccio, Esq.
Anthony Ryan Prinzivalli, Esq.
**Garfunkel Wild P.C.**
111 Great Neck Road
Great Neck, NY 11021
*Attorneys for Defendants*


**WICKS,** Magistrate Judge:

This application raises the question of the scope, timing and amount of a charging lien under New York Judiciary Law  § 475 upon withdrawal of counsel of record for one of the plaintiffs.

Sheng Wei Yu, Kenichi Muraki, Wei Jie Yu, See Liang, Joshi Dharm Raj and Aimee Lacaden, on behalf of themselves and others similarly situated ("Plaintiffs"), filed this suit against corporate Defendant Kotobuki Restaurant, Inc. and individual Defendants, Yoshihiro Narita, Eric Kim, and Bon Koo ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*., the New York Labor Law ("NYLL") § 650 *et seq*., and the New York Codes, Rules, and Regulations ("NYCRR") § 146.  (ECF No. 140).  Specifically, Plaintiffs allege that Defendants failed to pay their employees minimum wage and overtime compensation.  (*Id*.)  Plaintiffs were employed by Defendants as restaurant staff at various Kotobuki locations throughout the New York metropolitan area.  (*Id*.)

Following counsel for Plaintiff's withdrawal from representing one of the Plaintiffs, namely, Luis Angel Jimenez Abundez, counsel –the Troy Law firm -- now moves for an order "setting and declaring that a charging lien be placed on the settlement proceeds of Plaintiff

Jimenez Abundez".  (ECF No. 165.)[1]  For the reasons set forth below, the motion is granted in part and denied in part.

## **BACKGROUND**

On November 16, 2023, Defendants' counsel requested an extension of the discovery schedule because he had been making efforts to schedule Abundez's deposition but to no avail. (ECF No. 148.)  Specifically, counsel maintained that:

> Defendants first served a Notice of Deposition on October 12, 2023. Not having received a response from Plaintiffs' Counsel, we followed up by email on November 7, 2023 and November 15, 2023. (ECF No. 148.)  Plaintiffs' Counsel finally responded on November 15, 2023, but only to ask the reason for the additional deposition. Although we answered Plaintiffs' Counsel's inquiry promptly, we have not received any subsequent correspondence from them.

(*Id.*)  The Court granted that motion for extension of time to complete discovery.  However, following that letter, Plaintiffs' counsel requested yet another extension of the discovery schedule, this time stating that counsel has attempted to reach out to Abundez, but to no avail. (ECF No. 149.)  Plaintiffs' counsel informed the Court and defense counsel that he would "be moving to withdraw for that plaintiff due to lost contact" (*id.*) and, in turn, Defendants moved for sanctions requesting, *inter alia,* that Abundez's claims be dismissed.  (ECF No. 151.)  Thereafter on February 12, 2024, Plaintiffs' counsel filed the motion to withdraw as attorney for Abundez, citing a "breakdown of communication between plaintiff's counsel office and the opt-in plaintiff."  (ECF No. 162 at 5.)  In conjunction with Plaintiffs' counsel's motion to withdraw, he also sought to declare a charging lien upon the settlement proceeds of Abundez.  (ECF No. 165.) Abundez was afforded the opportunity to file any opposition to the motion.  (Electronic Order

---

[1] The motion seeks declaration and placement of the lien upon "settlement proceeds", however, there is no settlement.  Accordingly, the Court deems this as an application to declare a lien over any "recovery" by Abundez, whether by settlement or trial.

dated Feb. 23, 2024.)  Since no opposition was filed, the motion to withdraw was granted.

(Electronic Order dated Mar. 13, 2024.)  What remains is the instant motion to declare and set a

charging lien on any recovery by Abundez.  No opposition has been filed to the charging lien

application.


## DISCUSSION

Charging liens are governed by state law, and "[t]he Second Circuit has made clear that

Section 475 governs attorneys' charging liens in federal courts sitting in New York, and such

liens are enforceable in federal courts in accordance with its interpretation by New York courts."

*Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010).

Section 475 of the New York Judiciary Law, provides:

> From the commencement of an action . . . the attorney who appears for a party has a lien
> upon his or her client's cause of action. . . which attaches to a verdict, report,
> determination, decision, award, settlement, judgment or final order in his or her client's
> favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be
> affected by any settlement between the parties before or after judgment, final order or
> determination. The court upon the petition of the client or attorney may determine and
> enforce the lien.

N.Y. Judiciary Law § 475.

"A charging lien is a security interest in the favorable result of litigation, giving the

attorney equitable ownership interest in the client's cause of action." *Furk v. Boces*, No. 15-cv-

6594 (NSR), 2023 U.S. Dist. LEXIS 89475, at *7 (S.D.N.Y. May 22, 2023) (citing *Chadbourne

& Parke, LLP v. AB Recur Finans*, 794 N.Y.S.2d 349, 350 (App. Div. 1st Dep't. 2005)).  Under

New York law, an attorney who is discharged is statutorily entitled to a charging lien on any

monetary recoveries obtained by the former client in the proceedings in which the attorney had

rendered legal services."  *Naguib v. Pub. Health Sols.*, No. 12-CV-2561 (ENV) (LB), 2014 WL

2002824, at *1 (E.D.N.Y. May 15, 2014) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267

(E.D.N.Y. 2010)); *see also Furk*, 2023 U.S. Dist. LEXIS 89475 at *7 ("An attorney need not be counsel of record at the time a plaintiff receives judgment or settlement proceeds in order to have a lien on those proceeds, so long as the attorney was counsel of record at one point in the proceedings.") (citing *Harley & Browne*, 957 F. Supp. 44, 48 (S.D.N.Y. 1997)); *cf. Marrero,* 575 F. Supp. at 840 (denying motion to fix a lien where law firm withdrew "without adequate justification"). A lien however, is just that: it is a lien or security and not a judgment for the actual amount of fees.

Although no retainer or engagement letter was submitted on this application,[2] Plaintiffs' counsel asserts that he became Abundez's attorney around November 6, 2020 through February 12, 2024. (ECF No. 166 at 2.) Throughout that time period, counsel would perform work for Abundez and the other plaintiffs on this case. (*Id.*) The total monies billed was $71,056.50 on a *quantum meruit* basis pursuant to N.Y. Jud. L. § 475. (*Id.*) Thus, counsel seeks a charging lien in that amount and moves for an Order "setting and declaring that a charging lien be placed on the settlement proceeds of Plaintiff Jimenez Abundez in this action." (ECF No. 165.) Counsel also recites his and other attorneys' credentials for purposes of the Court's determination as to whether the amount of the charging lien is appropriate. (ECF No. 166 at 2.)

Here, Plaintiffs' counsel from Troy Law would be entitled to a charging lien over any recovery on behalf of Abundez. Counsel withdrew from representing Abundez because the firm had been unable to communicate with Abundez, which the Court found was good cause and

---

[2] *See Kormaz v. J&R Travel & Accounting Corp.*, No. 11-CV-6241 (JBW) (JMA), 2013 U.S. Dist. LEXIS 94928, at *10 (E.D.N.Y. May 10, 2013) ("In the absence of a retainer agreement, or if the terms of a retainer agreement are not established, New York law allows an attorney to recover attorneys' fees 'in quantum meruit to the extent that the fair and reasonable value of the legal services can be established.'") (citing *Seth Rubenstein, P.C. v. Ganea*, 41 A.D.3d 54, 833 N.Y.S.2d 566, 570 (N.Y. App. Div. 2 Dep't 2007)).

therefore does not prevent the assertion of a charging lien. *See Quinones v. Police Dep't of City of N.Y*, No. 10-cv-6195 (JGK) (JLC), 2012 WL 2148171, at *7 (S.D.N.Y. Apr. 12, 2012) ("In this case, the Court permitted Borzouye to withdraw upon a finding that there were irreconcilable differences between attorney and client. This constitutes 'good cause,' and accordingly Borzouye is not precluded from enforcing a charging lien under Section 475 by virtue of his withdrawal.").

The inquiry does not end there—upon deciding counsels' entitlement to a charging lien, the next question ordinarily determined is the amount of that lien. *Gonzalez v. Trees R Us Inc.*, No. 14-CV-7487 (AKT), 2019 U.S. Dist. LEXIS 162080, at *18 (E.D.N.Y. Sept. 23, 2019) (noting that the existence of a charging lien is "only half of the inquiry" and the next question is determining the amount).  However, the Second Department in *Messina v. Wedderburn* determined that the lower court should not have entered a *judgment* against plaintiff when adjudicating counsel's motion for a charging lien.  *Messina v. Wedderburn,* 222 A.D.3d 741 (App. Div. 2d Dep't 2023).  In that case, like here, "the action remained pending, and, therefore, Messina's cause of action had not resulted in an outcome in his favor." *Id.* at 743.

Although Plaintiff's counsel seeks declaration of a lien in an amount certain over "settlement proceeds," the Court is not aware of any settlement of any aspect in this action. Abundez has not appeared since the Troy Law firm was terminated as counsel of record – therefore it remains to be seen whether there will be *any* recovery for Abundez by trial or settlement.  Indeed, in considering the reasonableness of attorney's fees, one of the factors is the amount of the requested fee in relation to the settlement.  That is, the fee requested should be viewed in the context of the success achieved for that Plaintiff, either by way of settlement or verdict.  Accordingly, the Court merely finds that Abundez's counsel is entitled to a charging

lien in the amount of $71,056.50 and does not consider the reasonableness of the amount of the fees at this juncture.

Indeed, although a lawyer's right to recover in *quantum meruit* attaches upon discharge even in a contingency based arrangement, it is within the discretion of the trial court to await until conclusion of the litigation. *See Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.,* 370 F.3d 259, 263-64 (2d Cir. 2004). That approach is appropriate here. Counsel's submission of contemporaneous billing records raises a multitude of questions. This case involves multiple plaintiffs represented by the Troy Law firm. In considering the lodestar analysis, specifically the reasonableness of the fees, the Court must make a determination ultimately that the fee is fair. *See Furk,* 2023 U.S. Dist. LEXIS 89475 at *13 ("because a charging lien is equitable nature, the overriding criterion for determining the amount of a charging lien is that it is fair"). At this juncture and considering the submissions on this motion, it would be premature to make that determination now. Plaintiffs' counsel's time records for example indicate work performed both on behalf of Abundez and the class of Plaintiffs as a whole. (ECF No. 166-1.) The records do not indicate work done separately for Abundez, and do not separate out work that may have been done for other plaintiffs.

In *Cheng Xia Wang v. Shun Lee Palace Rest., Inc.,* No. 17-CV-840 (VSB), 2022 U.S. Dist. LEXIS 124139, at *13 (S.D.N.Y. July 13, 2022) the court considerably reduced Troy Law's requested amount because the firm represented many plaintiffs and the work was done for many, not just one plaintiff. Specifically, the court found that Troy Law represented 23 plaintiffs but the charging lien was sought after only 3 plaintiffs. *Id.* at *12-13. The submitted billing record, however, "cover[ed] work done for all of twenty-three Plaintiffs." *Id.* at *13. That work included finalizing the complaint and reviewing emails but did not specify the work apportioned

to the three plaintiffs.  *Id.*  The Court ultimately made a 70% reduction across the board, deducting the requested amount from $63,379.70 to $19,013.91 in addition to splitting monies owed with another law firm.  Here, and similar to the court in *Cheng Xia Wang*, Plaintiffs' counsel includes class-wide charges against Abundez for many of the services performed.

*Finally*, the Court declines to award Plaintiff's counsel fees for the hours spent drafting the motion to withdraw.  (*See e.g.,* ECF No. 166-1 at 7) (documenting time spent drafting motion to withdraw).  As the Honorable Joseph F. Bianco explained, "[s]uch activities were not in furtherance of obtaining a favorable judgment on behalf of plaintiffs in this case and are thus not properly the subject of the charging lien."  *Stair v. Calhoun,* 722 F. Supp. 2d 258, 271 (E.D.N.Y. 2010) (collecting cases).  Here, Troy Law's substantial amount of time spent drafting the motion to withdraw was "not in furtherance" of helping Abundez prevailing and shall be reduced from the total amount requested.  *See Pettiford v. City of Yonkers,* 833 Fed. Appx. 893, 896 (2d Cir. 2020) (finding that the time spent moving to withdraw was "an improper basis for a charging lien").

*Au fond*, the Troy Law firm is entitled to a charging lien in the amount of $71,056.50. This is not, however, a judgment in the amount of those fees, but merely a lien on the proceeds of any ultimate recovery by Abundez.  The lien amount is not a final determination of whether the fees charged are fair and reasonable.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' counsel's motion for a charging lien (ECF No. 165) is granted.  That is, the Troy Law firm is entitled to a charging lien, in the amount of $71,056.50, over the proceeds, if any of any ultimate recovery by Abundez.

Dated: Central Islip, New York
March 25, 2024

S O   O R D E R E D:

/s/ *James Wicks*
JAMES M. WICKS
United States Magistrate Judge

9