UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHENG WEI YU et al.,

                Plaintiffs,

-against-

KOTOBUKI RESTAURANT, INC. et al.,

                Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
17-cv-4202 (JMA) (JMW)

**FILED**
**CLERK**
4/10/2025 1:12 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

    Presently before the Court is Defendants' motion for partial summary judgment (ECF No. 118-28.) Specifically, in advance of the trial for Kotobuki Roslyn, Inc. scheduled for May 27, 2025, Defendants raise the following arguments from their previously filed motion for partial summary judgment: (i) ECF No. 118-28, Point IV, pp. 14-15 (addressing Plaintiffs' "spread of hours" claims); (ii) ECF No. 118-28, Point V, pp. 16-18 (addressing Plaintiffs' "misappropriation of tips" claims); and (iii) ECF No. 118-28, Point VI, pp. 18-19 (addressing Plaintiffs' attempt to assert claims on behalf of certain "back of house" employees). On April 4, 2025, Defendants submitted a letter motion highlighting these arguments and asking the Court to consider them. (ECF No. 190.) Having fully considered the issues, the Court hereby GRANTS Defendants' motion for partial summary judgment as to the "spread of hours" claims and tip misappropriation claims and DISMISSES Counts V, VI, and VII of Plaintiffs' Amended Complaint. As to Defendants' arguments regarding Plaintiffs' claims for back-of-the house employees, the parties' partial summary judgment motion briefings do not directly address whether Plaintiff Sanchez's claims raise genuine issues of fact to be determined at the Kotobuki Roslyn, Inc. trial. The parties are to meet and confer and update the Court, in a letter not to exceed 2 pages, as to the parties' positions on whether or not Cruz Sanchez has claims to be litigated at the Kotobuki Roslyn, Inc. trial.

## I. DISCUSSION[1]

### A. <u>Legal Standard</u>

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." <u>Choi v. Tower Research Capital LLC</u>, 2 F.4th 10, 16 (2d Cir. 2021); see <u>McKinney v. City of Middletown</u>, 49 F.4th 730, 737 (2d Cir. 2022) ("No genuine dispute of material fact exists when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.") (internal quotation marks omitted). "The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." <u>Jaffer v. Hirji</u>, 887 F.3d 111, 114 (2d Cir. 2018) (internal quotation marks omitted). For any burden of proof that rests with the nonmoving party, the movant can "point[ ] to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." <u>Id.</u> (internal quotation marks and alterations omitted). Once the moving party carries its burden, "the nonmoving party must come forward with evidence that would be sufficient to support a jury verdict in its favor." <u>McKinney</u>, 49 F.4th at 738 (internal quotation marks omitted). In this analysis, the Court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." <u>ING Bank N.V. v. M/V Temara</u>, 892 F.3d 511, 518 (2d Cir. 2018). Ultimately, "[t]he role of the district court on summary judgment is 'not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.'" <u>McKinney</u>, 49 F.4th at 738 (quoting <u>Brod v. Omya, Inc.</u>, 653 F.3d 156, 164 (2d Cir. 2011)).

---

[1] The Court presumes familiarity with the factual background and procedural posture of this case. The relevant facts for purposes of this Order are taken from: (i) Plaintiffs' Amended Complaint (ECF No. 140); (ii) Defendants' Rule 56.1 Statement of Material Facts (ECF No. 118-27); Plaintiffs' Rule 56.1 Statement of Material Facts (ECF No. 135-22); and the parties' motions with respect to Defendants' motion for partial summary judgment.

B. **Plaintiffs' Count VII – Unpaid Spread of Hours**

Defendants move for summary judgment on Plaintiffs' Count VII, under which Plaintiffs seek wages for allegedly unpaid spread of hours payments pursuant to NYLL § 146-1.6. According to Defendants, Count VII should be dismissed because the documentary evidence produced and uncontroverted testimony demonstrates that such payments were made in compliance with all relevant laws. (See ECF No. 118-28.) Plaintiffs argue in opposition that these claims should not be dismissed because "there is testimonial evidence that states that sometimes the hours that were calculated were not right." (ECF No. 134 at 7.)

New York law provides that "[o]n each day on which the spread of hours exceeds [ten], an employee shall receive one additional hour of pay at the basic minimum hourly rate." 12 N.Y.C.R.R. § 146-1.6. "Spread of hours" is defined as "the interval between the beginning and end of an employee's workday," and includes "working time plus time off for meals plus intervals off duty." Id.; see also Rodriguez v. Ridge Restaurant, Inc., No. 16-CV-254, 2020 WL 7711859, at *5 (E.D.N.Y. Dec. 29, 2020) (describing the spread of hours law).

Defendants argue that the weekly hour spreadsheets, which the Plaintiffs contemporaneously reviewed for accuracy and personally signed, establish the hours they worked in any given week and accurately listed the corresponding spread of hours to which they were entitled. (ECF No. 118-28; see Def. Statement of Facts ¶¶ 47, 92.) For instance, the weekly hour spreadsheet for the Hauppauge Location for the week beginning on March 3, 2019, shows, among others, that there were two days that week when Opt-In Angela Fong worked both the lunch and dinner shifts, which would have required her to work an interval of more than ten hours. (See Def. Statement of Facts ¶ 52.) The spreadsheet lists that she was entitled to a corresponding two hours' worth of spread of hours pay that week. (Id.) These spreadsheets correspond with the pay records,

3

which show that Plaintiffs were compensated for any spread of hours pay to which they were entitled. (Id. ¶ 53.)

In the case of Angela Fong during the week of March 3, 2019, for which the corresponding check was distributed on March 14, 2019, the pay records show that she was compensated for the two hours' worth of spread of hours pay that she was entitled to that week, at the New York minimum wage rate of $12.00 per hour. (Id. ¶ 54.) Defendants argue that these records demonstrate that Kotobuki paid Plaintiffs their correct spread of hours pay, and that Plaintiffs' deposition testimony confirms the accuracy of these hours worked and payments received. (See Def. Statement of Facts ¶ 60; Jaemin Kim Transcript at 97:13-21). In sum, Defendants argue that these documents conclusively establish that Plaintiffs were paid the full spread of hours' wages to which they were entitled, and that Count VII must therefore be dismissed.

In opposing Defendants' motion, Plaintiffs argue that there is a triable issue of material fact as to whether Plaintiffs were compensated correctly for the spread of hours pay because Defendants did not accurately document the number of hours that employees worked. (ECF No. 134 at 7-8.) In making this argument, Plaintiffs rely on the testimony Opt-in Plaintiff Jaemin Kim and Defendant Eric Kim. Jaemin Kim's testimony notes that "a few times" he and other servers "would work like 30 minutes longer each day and then [didn't] report that." (Puccio Decl., Ex. H, 23:2-20.) However, Jaemin Kim does not dispute that he and other servers were free to notify Defendant Eric Kim that their hours were not accurate, and admits that Defendant Eric Kim would correct the pay records when notified about an inaccuracy. (Id., Ex. H, 23:25-24:11, 24:24-25:4, 25:10-18.) Regardless, spread of hours pay only applies when an individual works more than 10 hours over the course of a day. So, even assuming that an employee worked an additional half hour that was not recorded, the spread of hours claim only would apply if that person was paid for 9.5 hours of work instead of 10 on a particular day. And Plaintiff has not shown even one such

4

example from the records provided in this case. Furthermore, Defendants state that if an employee worked and was paid for 10 hours over any day, the payroll processing automatically paid an extra hour of spread of hours pay. (ECF No. 121 at 9.)

Defendants also note that Plaintiffs' reliance on Defendant Eric Kim's testimony is misplaced, as Defendants relied on the weekly hours spreadsheets to calculate wages, not the time clock system that Defendant Kim referred to in his deposition testimony. (ECF No. 118-28 at 9.) Additionally, Defendants reiterate that Plaintiffs had the opportunity to review the weekly hour's spreadsheets, notify Mr. Kim of any inaccuracies, and sign their name next to these hours. (Id.) Plaintiffs have not put forward any testimony or documentary evidence to refute Defendants' assertion that Plaintiffs were paid for the complete spread of hours pay they were entitled to.

Thus, because there is no genuine dispute of material fact as to whether Defendants failed to pay Plaintiffs the spread of hours premium, the Court grants summary judgment to Defendants on this claim.

C.      **Plaintiff's Counts V and VI – Tip Misappropriation**

Defendants also argue that they are entitled to summary judgment dismissal of Counts V and VI, under which Plaintiffs claim that Kotobuki misappropriated employee tips by retaining a portion of Plaintiffs' tips in violation of 29 U.S.C. §§ 203(m) and (f) and by allegedly charging employees for service charges on credit card tips in violation of NYLL § 196-d. (Am. Compl. ¶¶ 221-30.)

29 U.S.C. § 203 (m)(B) states that: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Here, Defendants argue that the record evidence confirms that Kotobuki, through its agents, owners, or managers, does not keep any of the earned tips. (Def. Statement of Facts ¶ 78.) Rather, the tips are

5

redistributed amongst the tipped employees through an entirely employee-run tip pool. (Id. ¶ 82.) Indeed, head server Jaemin Kim testified as follows: "Q: 'And just so I'm clear, all of the tips that come in, they all go back to the waitstaff, correct, nothing goes to the restaurant?' A: 'Yes.'" (Id. ¶ 87.) According to Defendants, the payroll records show that tipped employees were credited in full for the cash and credit card tips they received, without any deductions. (Id. ¶¶ 75, 78, 80, 81.) Furthermore, Defendant Eric Kim stated that "Kotobuki never did, and does not, withhold any tips from employees, either by charging an excessive gratuities service fee charge or otherwise." (Id. ¶ 78.)

Defendants argue that they do not receive any portion of employees' tips and do not have any involvement in running the tip pool, and Plaintiff does not put forward any evidence to contest this fact. Instead, Plaintiffs assert two arguments in their opposition to Defendants' motion. First, they claim, based on party testimony, that new employees receive only a partial share of the tips with the remainder of that share distributed to more experienced employees. (ECF No. 134 at 9-10.) Second, Plaintiffs argue that Defendants' payroll records do not reflect all of the tips employees received. (Id.) Plaintiffs' assertions are insufficient to create a genuine issue of material fact, and Defendants are entitled to summary judgment on Counts V and VI.

Regarding Plaintiffs' first argument that new employees receive only a partial share of the tips with the remainder of that share distributed to more experienced employees, this practice does not violate any law if the tip sharing is not mandated by the employer. See Vazquez v. 142 Knickerbocker Enters., Corp., No. 13-CV-6085, 2024 WL 4437164, at *7 (E.D.N.Y. Oct. 7, 2024) (holding that an "employer or his agent" is prohibited from sharing in customer-service employees' tips or requiring those employees to share tips with "employees who do not perform direct customer service" or "managers.") Plaintiffs do not sufficiently allege that Defendants run this tip sharing arrangement, and the testimony and documentary evidence confirm that employees

6

ran the tip pool. (ECF No. 121 at 10.) Plaintiffs even admit in their opposition brief that it may be the case that only customer-facing employees received distributions from the tip pool: "Yes, maybe there was no tip sharing with the manager and the back of the house staff…" (ECF No. 134 at 10.) Regardless, since Plaintiffs do not sufficiently allege that Defendants participated in the tip sharing arrangement or mandated that tips be shared with non customer-facing employees, Defendants are entitled to summary judgment on the tip misappropriation claims.

Plaintiffs' only other argument in support of these claims is that Defendants' payroll records do not reflect all of the tips employees received. The only support Plaintiffs provide for this allegation is the testimony of one server, Brian Choi, who states "I'm not sure how accurate [the tip amount in the payroll records] is, I mean, I'm not too sure." (Puccio Decl., Ex. G, 65:25-66:2.) This statement, on its own, is insufficient to raise a genuine issue of material fact. Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998) ("Conclusory allegations, conjecture, and speculation" are insufficient to create a genuinely disputed fact); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (A mere "scintilla of evidence in support of the [nonmoving party's] position" is insufficient to create a genuinely disputed fact). Therefore, the Court grants summary judgment to Defendants on these tip misappropriation claims.

D. **Plaintiffs' Claims for Back-of-the House Employees**

Lastly, Defendants argue that Plaintiffs' claims on behalf of back-of-the-house employees should be dismissed. There is only one back-of-the-house employee listed as a Plaintiff for the upcoming Kotobuki Roslyn, Inc. trial: Cruz Sanchez. The parties' partial summary judgment motion briefings do not directly address whether Plaintiff Sanchez's claims raise genuine issues of fact to be determined at the Kotobuki Roslyn, Inc. trial. Therefore, the parties are to meet and confer and update the Court by **April 16, 2025**, in a letter not to exceed 2 pages, as to the parties'

7

positions on whether or not Cruz Sanchez has claims to be litigated at the Kotobuki Roslyn, Inc. trial.

## II.   CONCLUSION

For the reasons stated above, the Court hereby GRANTS Defendants' Motion for Partial Summary Judgment as to Plaintiffs' spread of hours and tip misappropriation claims and DISMISSES Counts V, VI, and VII of Plaintiffs' Amended Complaint.

**SO ORDERED.**

Dated:   April 10, 2025
         Central Islip, New York

                                                    /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE