UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-----------------------------------------------------------------------X

SHENG WEI YU et al.,

                          Plaintiffs,

-against-

KOTOBUKI RESTAURANT, INC. et al.,

                          Defendants.

-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**
17-cv-4202 (JMA) (JMW)

**FILED**
**CLERK**
5/20/2025 2:14 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Presently before the Court is Defendants' motion in limine seeking to preclude Plaintiffs from eliciting certain testimony and from introducing certain documentary evidence at trial.[1] (See ECF No. 205.) Specifically, in advance of the trial for Kotobuki Roslyn, Inc. scheduled for May 27, 2025, Defendants seek to preclude: (i) the testimony of Kenichi Muraki; (ii) Plaintiffs' Exhibits 1-4 and 14; (iii) portions of Plaintiffs' Exhibits 5 and 8; and (iv) references to the prior lawsuit and settlement entered into by Defendants. (See id.) Having fully considered the issues, the Court hereby GRANTS Defendants' motion in limine in full for the following reasons.

**A.    Kenichi Muraki's Testimony Is Irrelevant**

According to the Pre-Trial Order, Plaintiffs note that Mr. Muraki will testify "as to his observations of Plaintiffs' work time, compensation, and Defendants' time recording and compensation practices." (ECF No. 205-1 at 7.) However, the record reflects that Mr. Muraki ceased employment with Defendants in February 2017 – which is approximately five months before the relevant time period for this case. (ECF No. 205-3, Mr. Muraki's Response to the Court's Interrogatories.) The time period relevant to this trial is July 19, 2017 through March 26, 2020. (See ECF No. 205-2 (parties' stipulation that all claims arising prior to July 19, 2017 are

---

[1] The Court presumes familiarity with the factual background and procedural posture of this case.

barred); ECF No. 191 at 2 (identifying March 14, 2020 as the latest relevant date of employment for any Roslyn Plaintiff); ECF No. 196-2 at 4 (calculating Plaintiffs' alleged damages through March 26, 2020). Thus, Mr. Muraki is not in a position to have relevant knowledge of the Plaintiffs' "work time" or "compensation," nor of "Defendants' time recording and compensation practices" from July 19, 2017 through March 2020 — which is the only time period relevant to Plaintiffs' remaining claims. For these reasons, Mr. Muraki's testimony is irrelevant and will be precluded in its entirety under Federal Rule 401.

B.  **Plaintiffs' Exhibits 1-4 and Exhibit 14 Are Irrelevant**

Plaintiffs also list as proposed exhibits certain "Employee Shifts Spreadsheets" identified as proposed Exhibits 1-4 (collectively, the "Shift Spreadsheets"). (See ECF No. 205-1 at 9.) The Shift Spreadsheets appear to track the hours worked by employees of Kotobuki-Roslyn, including certain of the Plaintiffs. However, all of the Shift Spreadsheets post-date the relevant time period. For example, Exhibit D contains entries for the workweek spanning October 18, 2020 through October 24, 2020. (See ECF No. 205-4.) Similarly, all of Exhibit E contains entries for workweeks during calendar year 2021, while Exhibits F and G consist entirely of workweeks in 2022 and 2023, respectively. (See ECF Nos. 205-5, 205-6, 205-7.)

The hours worked by Plaintiffs in October 2020 and calendar years 2021, 2022, and 2023 are not probative of whether the Plaintiffs were properly compensated for hours worked from July 19, 2017 through March 2020. Furthermore, the Shift Spreadsheets from outside the relevant time period are likely to mislead and confuse the jury. Therefore, the Shift Spreadsheets are precluded under Federal Rules 401 and 403.

The same rationale applies to Plaintiffs' proposed Exhibit No. 14, which is a Wage Notice issued by Defendants to Plaintiff Okhee Kim in January 2021. (See ECF No. 205-8.) The Wage Notice post-dates the relevant time period by almost a full year and reflects that Plaintiff Okhee

2

Kim was paid a higher wage in 2021 than in prior years. Since the wage notice is outside the relevant time period and is likely to mislead and confuse the jury, it is also precluded under Federal Rules 401 and 403.

### C. Plaintiffs' Exhibits 5 And 8 Must Be Redacted

Plaintiffs' proposed Exhibit 5 contains time entries for various Kotobuki-Roslyn employees, including certain of the Plaintiffs, from July 15, 2017 through August 16, 2017. (See ECF No. 205-9.) The first three pages (Bates-numbered Kotobuki-0005833-35), and the first four entries on page four (Kotobuki-0005836) are precluded entirely because they pre-date the relevant time period. Furthermore, beginning with the page Bates-numbered Kotobuki-0005836, all time entries and other information related to individuals who are not Plaintiffs in this trial shall be redacted.

Plaintiffs' proposed Exhibit 8 tracks the hours worked by Kotobuki-Roslyn employees from July 16, 2017 through approximately September 12, 2020. (See ECF No. 205-10.) For the same reasons set forth above, the entries on the first page of the exhibit (Bates-numbered Kotobuki-0006636) for Sunday July 16, 2017 through Tuesday July 18, 2017 pre-date the stipulated limitations period, are irrelevant, and shall be redacted from Bates-number Kotobuki-0006636. Furthermore, all pages Bates-numbered Kotobuki-0006682-6707 post-date the relevant time period and are therefore irrelevant and are precluded.

### D. Reference To The Prior Lawsuit And Settlement Is Precluded

Finally, Plaintiffs and Plaintiffs' counsel are precluded from referencing the existence of the Mejia et al. v. Kotobuki Management, Inc. et al lawsuit, or the Mejia settlement, in the presence of the jury at trial. The Mejia lawsuit and settlement involved old claims that have since been adjudicated and released. Therefore, the lawsuit and settlement are not probative of any relevant

3

issue for this trial and risk confusing and misleading the jury. Therefore, Plaintiffs are precluded from referencing it at trial.

## II. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Defendants' motion in limine in its entirety. The Clerk of the Court is respectfully directed to terminate ECF No. 205.

**SO ORDERED.**

Dated: May 20, 2025
       Central Islip, New York

                                                  /s/ (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE