# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

July 29, 2025

**Via ECF**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: **Consent Motion for Approval of Settlement Agreement**
    *Yu et al v. Kotobuki Restaurant Inc, et al*, Nos. 17-cv-04202, 18-cv-07001, 21-cv-02103 (JMA) (JMW), (E.D.N.Y.)

Your Honor,

  We represent the Plaintiffs in the above-referenced matter. We write respectfully, with the consent of counsel for Defendants, and in response to the Court's Order of June 26, 2025, to request fairness approval and enforcement of the settlement of the Roslyn Plaintiffs' claims reached on the record before the Court on May 23, 2025, and elaborated in the attached settlement agreement.

  Please note that while the parties have agreed to the terms of the attached settlement agreement, purely due to various logistical and family issues the parties will require another seven days to affix their signatures to the agreement. The parties are presenting their agreement to comply with the Court's Order and to permit the Court to start the fairness review process without any further delay.

## I. Background

  Plaintiffs SEE LIANG KWA, LIE SIAM BONG, FEI RAN CAI, OKHEE KIM, and CRUZ SANCHEZ ("Plaintiffs") allege they were employed by KOTOBUKI ROSLYN, INC. d/b/a Kotobuki d/b/a Kotobuki-Roslyn, ERIC KIM, and YOSHIHIRO NARITA ("Defendants"). Plaintiffs alleged pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law") that they were entitled to unpaid minimum wage and overtime, and were entitled to recover their unpaid wages, liquidated damages, and reasonable attorney fees and costs under the FLSA or the Labor Law, and prejudgment interest under the Labor Law.

## II. The Settlement Is Fair and Reasonable

  Going into trial, Plaintiffs estimated their total recoverable damages (including liquidated damages and prejudgment interest but excluding attorney fees) in the amount of $115,547.12: $5,459.11 for KWA; $12,718.60 for BONG; $19,803.21 for CAI; $72,842.94 for KIM; and $4,723.26 for SANCHEZ. *See* Dkt. No. 196-2. Plaintiffs estimated their total unpaid wages in the amount of $44,282.11: $2,025.25 for KWA; $4,741.25 for BONG; $7,435.03 for CAI; $28,219.58 for KIM; and $1,861.00 for SANCHEZ. *See id.*

Hon. Joan M. Azrack, U.S.D.J.
July 29, 2025
*Yu et al v. Kotobuki Restaurant Inc, et al*, Nos. 17-cv-04202, 18-cv-07001, 21-cv-02103 (JMA) (JMW), (E.D.N.Y.)
Page 2 of 3

    Plaintiffs' total recovery of $12,200.00 (not including any award of attorney fees, following application) is reasonable, as is each Plaintiff's individual recovery ($2,500.00 for KWA; $3,000.00 for BONG; $5,200.00 for CAI; $1,000.00 for KIM; and $500.00 for SANCHEZ). Considered as a whole, Plaintiffs' recovery represents an 11% recovery of their estimated total recoverable damages, and 28% of their estimated total unpaid wages. Considered individually, Plaintiffs' respective recoveries, as percentages of total recoverable damages and total unpaid wages, are as follows:

| Surname | Settlement Amount as a Percentage of Total Recoverable Damages | Settlement Amount as a Percentage of Total Unpaid Wages |
|---|---|---|
| KWA | 46% | 123% |
| BONG | 24% | 63% |
| CAI | 26% | 70% |
| KIM | 1% | 4% |
| SANCHEZ | 11% | 27% |

Percentage recoveries in this range are reasonable in wage-and-hour settlements. *See*, *e.g.*, *Polyakov v. Pen Enters.*, No. 23-cv-07816 (KAM) (RML), 2025 U.S. Dist. LEXIS 116933, at *6–7 (E.D.N.Y. June 16, 2025); *Rodreguez v. Caridad Sea Food Rest. Corp.*, No. 21-cv-06849 (AS), 2024 WL 5168041, 2024 U.S. Dist. LEXIS 229583, at *3–4 (S.D.N.Y. Dec. 19, 2024).

    Further, as the Court is aware, the settlement was the result of a contested litigation and arm's-length bargaining between experienced counsel, and the guidance of this Court.

    In this context, we note that the litigation risks faced by the parties are substantial If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the factors set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199, 206 (2d Cir. 2015) have been satisfied.

    We thank the Court for its attention to and consideration of this matter.

                                                  Respectfully submitted,
                                                   T<small>ROY</small> L<small>AW</small>, PLLC

Hon. Joan M. Azrack, U.S.D.J.
July 29, 2025
*Yu et al v. Kotobuki Restaurant Inc, et al*, Nos. 17-cv-04202, 18-cv-07001, 21-cv-02103 (JMA) (JMW), (E.D.N.Y.)
Page 3 of 3

                                       */s/ Aaron B. Schweitzer*
                                       Aaron B. Schweitzer
                                       *Attorney for Plaintiffs*

cc: via ECF
    all counsel of record
    /asb