UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

YU *et al*,

                Plaintiffs,

      -against-

KOTOBUKI RESTAURANT, INC. *et al*,

                Defendants.

-------------------------------------------------------------X

YU *et al*,

                Plaintiffs,

      -against-

KIM,

                Defendant.

-------------------------------------------------------------X

YU *et al*,

                Plaintiffs,

      -against-

BEY UNITED, LLC *et al*,

                Defendants.

-------------------------------------------------------------X

**FILED**
**CLERK**

**3/18/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**SUA SPONTE**
**REPORT AND**
**<u>RECOMMENDATION</u>**
17-CV-04202 (JMA) (JMW)

18-CV-07001 (JMA) (AYS)

21-CV-02103 (JMA) (JMW)

**A P P E A R A N C E S:**

    Aaron Schweitzer, Esq.
    John Troy, Esq.
    **Troy Law, PLLC**
    41-25 Kissena Boulevard
    Flushing, NY 11355
    *Attorneys for Plaintiffs*

1

Salvatore Puccio, Esq.
Anthony Ryan Prinzivalli, Esq.
**Garfunkel Wild P.C.**
111 Great Neck Road
Great Neck, NY 11021
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Sheng Wei Yu, Kenichi Muraki, Wei Jie Yu, See Liang, Joshi Dharm Raj and Aimee Lacaden, on behalf of themselves and others similarly situated ("Plaintiffs") filed this suit against corporate Defendant Kotobuki Restaurant, Inc. and individual Defendants, Yoshihiro Narita, Eric Kim, and Bon Koo ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL") § 650 *et seq.*, and the New York Codes, Rules, and Regulations ("NYCRR") § 146. (ECF No. 140). Defendant Kotobuki maintains restaurants located in Roslyn,[1] Hauppauge, Babylon, and Manhattan.

On January 9, 2026, the case settled with the Kotobuki-Hauppauge location following a Settlement Conference before the undersigned. (Electronic Order dated January 9, 2026.) The Court then scheduled a Settlement Conference as to the remaining two restaurants, namely, Manhattan and Babylon for March 18, 2026. (*Id.*) In addition, the undersigned issued a Sua Sponte Report and Recommendation recommending that the following Plaintiffs relative to the Hauppauge restaurant location be dismissed for failing to appear for the January 9, 2026 Settlement Conference: See Liang Kwa, Lie Siam Bong, Fei Ran Cai, Ohkee Kim, Cruz Sanchez, Aimee Lacaden, Alexander Gigliotti, Amy Wong, Angela Fong, Carlos Banos, Cheng Shao, Jose Ismael Alvarado, Joseph Grinere, Marayart Farrell, Sheng Lin, Yoshie Giua, and Zhang H. Ying (*id.*), which was adopted by the Hon. Joan M. Azrack. (Electronic Order dated

---

[1] On September 12, 2025, Judge Azrack granted the parties' motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.* as to the Roslyn Plaintiffs. That settlement served as the bellwether for the settlements of the remaining three restaurants.

March 5, 2026; ECF No. 227.) In the same Electronic Order, Judge Azrack directed Plaintiffs that "their in-person attendance is required at all future settlement conferences" and forewarned that "[i]f any Plaintiff does not attend the March 18, 2026 settlement conference before Judge Wicks (or any future court-ordered settlement conferences), their claims concerning the Manhattan and Babylon restaurants will be dismissed." (*Id.*)

Just days before the March 18, 2026 Settlement Conference relating to the Manhattan and Babylon locations, counsel for Defendants filed a letter alleging that counsel for Plaintiffs has been improperly communicating with individual Plaintiffs from the Kotobuki-Babylon location who represented their unwillingness to participate in the settlement conference. (ECF No. 230.) The letter references that counsel for Plaintiffs advised these Plaintiffs that their failure to appear may result in owing outstanding legal fees to Plaintiffs' counsel despite a contingency fee agreement governing the terms of their representation. (*Id.*) Accordingly, the Court directed that the parties be prepared to address the representations made in Defendants' letter prior to the Settlement Conference set for March 18, 2026. (Electronic Order dated March 18, 2026.)

The Babylon/Manhattan Plaintiffs are comprised of the following former employees: Bryan Choi, Marayart Farrell, Alexander Gigliotti, Yoshie Giua, Jaemin Kim, Raymond Lee, Xiao Dan Wang, Dharm Raj Joshi, and Chee Yang Saw. Notwithstanding these remaining Plaintiffs, the *only two* plaintiffs appeared for the March 18, 2026 Settlement Conference, namely, Bryan Choi and Raymond Lee.  The other eight failed to appear as directed. Indeed, during the March 18 conference, counsel for Plaintiffs conceded on the record that those remaining plaintiffs who did not appear for the conference have "abandoned" their case and that the claims asserted by them should be dismissed. Counsel for Plaintiffs further advised that he

3

apprised these individual plaintiffs of the consequence of dismissal stemming from their non-appearance for the Settlement Conference.

Just as the Court recommended dismissal of the Hauppauge Plaintiffs who did not appear for the January 9, 2026 Settlement Conference, in furtherance of Judge Azrack's warning of dismissal should any Plaintiff not attend the March 18, 2026 Settlement Conference, and considering Plaintiffs' counsel's admission on the record that the non-appearing Plaintiffs have abandoned their claims, the undersigned respectfully recommends that the claims asserted by the following Plaintiffs, Marayart Farrell, Alexander Gigliotti, Yoshie Giua, Jaemin Kim, Xiao Dan Wang, Dharm Raj Joshi, and Chee Yang Saw, now be dismissed.

## **OBJECTIONS**

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b); *see also Nambiar v. The Central Orthopedic Group LLP*, No. 24-1103 (2d Cir. Oct. 28, 2025) (addressing timing and scope of objections to Reports and Recommendations). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial

review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372

F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
        March 18, 2026

                                            **RESPECTFULLY RECOMMENDED:**

                                            /s/ *James M. Wicks*
                                            ————————————————
                                                 JAMES M. WICKS
                                            United States Magistrate Judge